UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

|  |  |  |
|---|---|---|
| VANESSA HAMILTON | : | CASE NO. 5:18-CV-754 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 10, 16] |
| ULTA BEAUTY, INC., *et al.*, | : | |
| Defendants. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Vanessa Hamilton alleges that Defendant Ulta Salon, Cosmetics & Fragrance, Inc.[1] ("Ulta") violated the Ohio Deceptive Trade Practices Act ("ODTPA").[2] Defendant Ulta now moves to dismiss Plaintiff Hamilton's complaint for failure to state a claim, arguing that consumers do not have an ODTPA private right of action.[3] Plaintiff Hamilton opposes dismissal and moves the Court to certify to the Ohio Supreme Court the question of whether consumers have an ODTPA private right of action.[4]

For the reasons below, the Court **GRANTS** Defendant Ulta's motion to dismiss and **DENIES** Plaintiff Hamilton's motion to certify the ODTPA question to the Ohio Supreme Court.

## I. FACTS

Defendant Ulta is the "largest beauty retailer in the United States."[5] Ulta operates a number of retail stores throughout Ohio that sell various beauty supply products.[6] Plaintiff Hamilton says she regularly shops at Ulta's Ohio stores.[7]

---

[1] The parties have stipulated to the dismissal of Defendant Ulta Beauty, Inc.  *See* Doc. 22.
[2] Doc. 1-3 at ¶¶ 2-5.
[3] Doc. 10-1 at 3-5.
[4] Doc. 16.
[5] Doc. 1-3 at ¶ 1.
[6] *Id.* at ¶ 7.
[7] *Id.* at ¶ 22.

Ulta offers a liberal return policy that allows customers to return any item for any reason and receive a full refund.[8] These returned items do not have to be in new and unused condition.[9]

Plaintiff Hamilton alleges that Ulta stores, including Ohio Ulta stores, have a policy or practice of selling returned, used merchandise as new.[10] Plaintiff alleges that Ulta does not mark or otherwise identify these used items, and instead simply commingles used, returned products with new and unused products on the same shelf.[11]

Plaintiff Hamilton notes that news agencies have covered these Ulta practices, including *Business Insider*.[12] *Business Insider* found that "two [former Ulta employees] admitted that used products often made their way back to the shelves" and that "[a] former manager for an Ulta location in Ohio reached out to [*Business Insider*] to share a similar story, and claims there was often pressure to sell used products."[13]

Plaintiff Hamilton now seeks to enjoin Defendant Ulta from continuing its alleged practice of selling used beauty products as new.

## II. Legal Standard

When considering a motion to dismiss for failure to state a claim, the Court construes the complaint in the light most favorable to the nonmoving party, accepting its allegations as true, and drawing all reasonable inferences in favor of finding the complaint sufficient.[14] In order to survive a motion to dismiss, the complaint must allege sufficient facts "to state a claim for relief that is plausible

---

[8] *Id.* at ¶ 8.

[9] *Id.* at ¶ 9.

[10] *Id.* at ¶ 10.

[11] *Id.* at ¶¶ 10-13.

[12] *Id.* at ¶ 14.

[13] Daniel Boan, *Ulta Beauty employees are accusing the company of selling used makeup – and the photos are every makeup buyer's worst nightmare*, Business Insider (Jan. 12, 2018), http://www.businessinsider.com/ulta-employees-have-accused-the-company-of-selling-used-makeup-2018-1.

[14] *Cates v. Crystal Clear Techs.*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)); *Engler v. Arnold*, 862 F.3d 571, 574-75 (6th Cir. 2017) (quoting *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006)).

on its face."[15]  While "detailed factual allegations" are unnecessary, a plaintiff must provide more

than a "formulaic recitation of the elements of a cause of action."[16]

### III. Analysis

Defendants argue that consumers, like Plaintiff Hamilton,[17] do not have a cause of action

under the ODTPA.[18]  The Court agrees.

The ODTPA gives standing to bring a civil action to a "person who is likely to be damaged

by a person who commits a deceptive trade practice" or a "person who is injured by a person who

commits a deceptive trade practice."[19]  The ODTPA defines a "person" as "an individual, corporation,

government, governmental subdivision or agency, business trust, estate, trust, partnership,

unincorporated association, limited liability company, two or more of any of the foregoing having a

joint or common interest, or any other legal or commercial entity."[20]

---

[15] *See Nikolao v. Lyon*, 875 F.3d 310, 317 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[16] *See id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Engler*, 862 F.3d at 575 (quoting *Iqbal*, 556 U.S. at 678).
[17] Plaintiff does not contest that she is a consumer. *See* Doc. 16 at 4 ("[C]laims by individuals, including claims by *consumers like Plaintiff*, are not among [the enumerated exceptions to the ODTPA].") (emphasis added).
[18] Doc. 10-1 at 3-5.  Defendant also argues that Plaintiff has not pleaded the elements of an ODTPA claim and that her complaint does not meet Federal Rule of Civil Procedure Rule 9(b)'s heightened pleading standard.  *Id.* at 5-8.  Because the Court finds that Plaintiff does not have standing, it does not address these arguments.
[19] Ohio Rev. Code § 4165.03(A)(1)-(2).
[20] Ohio Rev. Code § 4165.01(D).

A broad majority of the courts to directly address this issue have held that the ODTPA does not give consumers standing.[21] These courts include the Sixth Circuit,[22] several Ohio appellate courts,[23] and this Court.[24]

Courts finding no ODTPA consumer standing have collectively given three reasons for that holding. First, Ohio courts look to the federal Lanham Act when interpreting the ODTPA,[25] and the Lanham Act does not give a consumer right of action.[26] This is because the Lanham Act, like the ODTPA, "protects persons engaged in commerce, not individual consumers."[27]

Second, the definition of "person" in the ODTPA qualifies the list of individuals and entities permitted to sue with the phrase "or any other legal or commercial entity."[28] This phrase implies that an individual may bring suit under the ODTPA in his or her "capacity as a participant in commercial activity,"[29] but may not bring suit as a non-commercial consumer.

---

[21] See, e.g., Adams v. Antonelli Coll., 2018 WL 1561859, at *5-6 (S.D. Ohio Mar. 30, 2018); Patel v. Dish Network L.L.C., 2015 WL 4776894, at *4 (S.D. Ohio Aug. 12, 2015); Terlesky v. Fifth Dimension, Inc., 2015 WL 7254189, at *3 (S.D. Ohio Nov. 17, 2015); Lester v. Wow Car Co., Ltd., 2014 WL 2567087, at *11 (S.D. Ohio June 6, 2014); Smith v. Smith & Nephew, Inc., 5 F. Supp. 3d 930, 932 (S.D. Ohio 2014); CitiMortgage, Inc. v. Crawford, 934 F. Supp. 2d 942, 950 (S.D. Ohio 2013); Phillips v. Philip Morris Cos. Inc., 290 F.R.D. 476, 484 (N.D. Ohio 2013); Allen v. Andersen Windows, Inc., 913 F. Supp. 2d 490, 513 (S.D. Ohio 2012); Gascho v. Glob. Fitness Holdings, LLC, 863 F. Supp. 2d 677, 698 (S.D. Ohio 2012); In re Porsche, 880 F. Supp. 2d 801, 874 (S.D. Ohio 2012); Robins v. Glob. Fitness Holdings, LLC, 838 F. Supp. 2d 631, 650 (N.D. Ohio 2012); Blankenship v. CFMOTO Powersports, Inc., 944 N.E.2d 769, 778 (Ohio Ct. Com. Pl. 2011); Thornton v. State Farm Mut. Auto Ins. Co., Inc., 2006 WL 3359448, at *17 (N.D. Ohio Nov. 17, 2006); Chamberlain v. Am. Tobacco Co., Inc., 1999 WL 33994451, at *18 (N.D. Ohio Nov. 19, 1999); Glassner v. R.J. Reynolds Tobacco Co., 1999 WL 33591006, at *6 (N.D. Ohio June 29, 1999).
[22] Holbrook v. Louisiana-Pac. Corp., 533 F. App'x 493, 497-98 (6th Cir. 2013).
[23] Michelson v. Volkswagen Aktiengesellschaft, 2018 WL 1640053, at *3 & n.2 (Ohio Ct. App. Apr. 5, 2018); Hamilton v. Ball, 7 N.E.3d 1241, 1253 (Ohio Ct. App. 2014); Dawson v. Blockbuster, Inc., 2006 WL 1061769, at *3-4 (Ohio Ct. App. Mar. 16, 2006).
[24] He v. Rom, 2016 WL 5682012, at *4 (N.D. Ohio Oct. 3, 2016) ("The Sixth Circuit has held that the ODTPA protects persons engaged in commerce, not individual consumers.").
[25] See, e.g., In re Porsche, 880 F. Supp. 2d at 874 ("Dawson's holding is supported by Ohio cases that equate the ODTPA to the Lanham Act in all material respects."); see also Phillips, 290 F.R.D. at 483; Blankenship, 944 N.E.2d at 777-78.
[26] See In re Porsche, 880 F. Supp. 2d at 874 (citing Made in the USA Found. v. Phillips Foods, Inc., 365 F.3d 278, 281 (4th Cir. 2004); Colligan v. Activities Club of N.Y., Ltd., 442 F.2d 686, 694 (2d Cir. 1971)).
[27] He, 2016 WL 5682012, at *4. See also Gascho, 863 F. Supp. 2d at 698; Dawson, 2006 WL 1061769, at *3.
[28] Ohio Rev. Code § 4165.01(D).
[29] Gascho, 863 F. Supp. 2d at 698; see also Phillips, 290 F.R.D. at 482-83; Robins, LLC, 838 F. Supp. 2d at 650; Chamberlain, 1999 WL 33994451, at *18 & n.12.

Case No. 5:18-cv-754
Gwin, J.

Third, the Ohio Consumer Sales Practices Act ("OCSPA") provides consumer standing and prohibits virtually the same practices as the ODTPA.[30] Courts finding no ODTPA consumer standing have found that statute would become superfluous if the ODTPA also provided consumer standing.[31] Most relevant here, the OCSPA explicitly gives consumers a cause of action to sue when a business represents "[t]hat the subject of a consumer transaction is new, or unused, if it is not."[32]

As a rebuttal, Plaintiff points to two Southern District of Ohio decisions finding ODTPA consumer standing.[33] Both decisions concluded that the ODTPA's plain language does not exclude a consumer standing.[34] But, these decisions represent a minority view among the state and federal courts to consider this issue. Indeed, even within the Southern District of Ohio, these cases no longer represent the majority view.[35]

Plaintiff also points to three Ohio Court of Appeals decisions.[36] But none of these decisions discuss ODTPA standing. They instead address substantive ODTPA issues, either because the parties did not raise ODTPA consumer standing or because other issues were dispositive.[37]

Given the broad consensus among the majority of state and federal courts to address this issue, this Court reaffirms its finding that consumers do not have ODTPA standing.[38]

---

[30] *Compare* Ohio Rev. Code § 1345.02 (listing deceptive practices under the OCSPA) *with* Ohio Rev. Code § 4165.02 (listing deceptive practices under the ODTPA).
[31] *Robins,* 838 F. Supp. 2d at 650; *see also Phillips,* 290 F.R.D. at 484; *Blankenship,* 944 N.E.2d at 778.
[32] Ohio Rev. Code § 1345.02(B)(3).
[33] *Schumacher,* 47 F. Supp. 3d at 630-33; *Bower,* 495 F. Supp. 2d at 842-44.
[34] *Schumacher,* 47 F. Supp. 3d at 632 ("[*Bower*] has engaged in the better statutory analysis and we adopt it as our own."); *Bower,* 495 F. Supp. 2d at 843 ("[T]he statute by its plain language places no limitation on the types of individuals who are considered to be a 'person' and may pursue a claim.").
[35] *See supra* note 21.
[36] *Craven v. Aultman Coll. of Nursing,* 2011 WL 4499307 (Ohio Ct. App. Sept. 26, 2011); *Falasco v. Bishop Motors, Inc.,* 1990 WL 177193 (Ohio Ct. App. Nov. 7, 1990); *Evans v. Cheek,* 65 Ohio App.3d 535 (Ohio Ct. App. 1989).
[37] *Craven,* 2011 WL 4499307, at *6 (dismissing ODTPA claim on the grounds that plaintiff "had not come forward with evidence of damages" or deceptive acts); *Falasco,* 1990 WL 177193, at *1-3 ("[Plaintiff] ... asserts two assignments of error. . . . [T]he trial court erred in applying to the facts the proper statutory odometer disclosure requirements for a motor vehicle transferror[.] . . . [T]he trial court erred in incorrectly weighing evidence in favor of the defendant[.]"); *Evans,* 65 Ohio App.3d at 536 ("Appellant asserts the sole assignment of error: 'The court erred in permitting the testimony of a purported expert in establishing the value of the vehicle which is the subject matter of this lawsuit.'").
[38] *See He,* 2016 WL 5682012, at *4.

Therefore, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claim and **DISMISSES** Plaintiff's ODTPA claim with prejudice.  Further, because the question of ODTPA consumer standing is largely settled, the Court sees no reason to certify the question to the Ohio Supreme Court.[39]  The Court therefore **DENIES** Plaintiff's motion to certify.

Conclusion

For those reasons, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES** Plaintiff's ODTPA claim with prejudice.  The Court **DENIES** Plaintiff's motion to certify the question of ODTPA consumer standing to the Ohio Supreme Court.

Plaintiff must file any motion for leave to amend her complaint within ten (10) days of the date of this order.

IT IS SO ORDERED.

Dated:  June 21, 2018                                    s/            *James S. Gwin*
                                                                            JAMES S. GWIN
                                                                            UNITED STATES DISTRICT JUDGE

---

[39] *See Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974) ("[U]se [of certification] in a given case rests in the sound discretion of the federal court."); *Pennington v. State Farm Mut. Auto Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) ("[F]ederal courts generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves.") (internal quotation marks omitted) (quoting *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007)).